[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12086
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-21911-RNS

ANTHONY SANCHEZ,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
THE ATTORNEY GENERAL OF THE STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 22, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Anthony Sanchez, a pro se Florida prisoner serving a life sentence for armed sexual battery involving physical force and felony battery, appeals the district court's denial of his 28 U.S.C. § 2254 petition. He argues that trial counsel was ineffective for failing to object to the prosecutor's references at closing argument to him as an "armed kidnapper," "rapist," "armed robber," and "armed burglar," as well as the prosecutor's statement that there was no evidence of a "romantic and consensual relationship between [the victim] and this rapist."

Sanchez filed a motion for a certificate of appealability (COA) in this case, and we concluded that reasonable jurists would not disagree as to whether trial counsel was ineffective for failing to object to the prosecutor's statement that there was "no evidence of [a] romantic and consensual relationship." However, we granted a COA with respect to Sanchez's "claim that his attorney was ineffective for not objecting to disparaging comments made by the prosecutor at trial."

We review de novo the district court's denial of a § 2254 petition. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). We review mixed questions of law and fact, such as an ineffective-assistance claim, de novo and the district court's factual findings for clear error. *Id.* In examining a § 2254 petition, the scope of our review is limited to the issues specified in the COA. *Pardo v. Sec'y, Fla. Dep't of Corr.*, 587 F.3d 1093, 1103 (11th Cir. 2009).

2

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, after a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)–(2).  Thus, while review of the district court's ruling is de novo, the state court's decision is reviewed with deference.  *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010).

A state court decision involves an "unreasonable application" of Supreme Court precedent where the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner.  *Barnes v. Sec'y, Dep't of Corr.*, 888 F.3d 1148, 1155 (2018).  The "unreasonable application" inquiry requires that the state court decision be more than incorrect—it must be "objectively unreasonable."  *Id.*

To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Defense counsel's performance is measured under an objective standard of reasonableness, and there is a strong presumption that counsel's conduct falls

3

within the range of reasonable performance. *Id.* at 688–89. "The standards created by *Strickland* and § 2254 are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted). Thus, "the question is not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

To obtain habeas relief on the basis that the prosecutor made improper comments during closing argument, a petitioner must demonstrate that the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 171, 178–81 (1986). Under Florida law, a prosecutor must confine his closing argument to the evidence in the record. *Huff v. State*, 437 So. 2d 1087, 1090 (Fla. 1983). In making a closing argument, the prosecutor should review the evidence and explain any inferences that may be drawn from it. *Gonzalez v. State*, 136 So. 3d 1125, 1143 (Fla. 2014). "It is improper for a prosecutor to refer to the accused in derogatory terms, in such manner as to place the character of the accused in issue." *Pacifico v. State*, 642 So. 2d 1178, 1183 (Fla. 1st DCA 1994). In evaluating whether a prosecutor's comment is permissible, "the comment should be examined in the context in which it is made." *Jackson v. State*, 89 So. 3d 1011, 1018 (Fla. 4th DCA 2012) (internal quotation mark omitted).

Here, the district court did not err in denying Sanchez habeas relief.  As an initial matter, the issue of whether counsel was ineffective for failing to object to the prosecutor's statement that there was no evidence of a "romantic and consensual relationship between [the victim] and this rapist" is outside the scope of the COA and our review.  *See Pardo*, 587 F.3d at 1103.  Turning to the merits of Sanchez's petition, the state postconviction court did not unreasonably apply *Strickland* in concluding that Sanchez's ineffective-assistance claim failed because the prosecutor's comments were not improper.  In referring to Sanchez as an "armed kidnapper," "rapist," "armed robber," and "armed burglar," the prosecutor was advocating for a conclusion that could be reached from the evidence.  *See Pacifico*, 642 So. 2d at 1183–84 (finding improper certain derogatory comments by a prosecutor during closing argument where "they did not relate to any evidence submitted at trial, and had no bearing on the issues to be decided by the jury").  Unlike in *Pacifico*, the references here were made in the context of the evidence adduced at trial and referred directly to the charges against Sanchez,[1] not to a character trait that was ancillary to or unsupported by the evidence.  Accordingly, we affirm.

**AFFIRMED.**

---

[1] Sanchez was charged with armed sexual battery, armed burglary, armed kidnapping, felony battery, and armed robbery.  The jury convicted him of only armed sexual battery and felony battery.

5